# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ODRELL YOUNG**  **PLAINTIFF**
**ADC #150574**

v.  No: 4:23-cv-00329-LPR-PSH

**EUGENE LEE,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Odrell Young filed a *pro se* complaint on April 6, 2023, while incarcerated at the Arkansas Division of Correction's Barbara Ester Unit (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 5). The Court invited Young to file an amended complaint to provide more facts to support

his claims. *Id*. Because Young did not file an amended complaint, the Court screens his original complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983.  Young alleges that his due process rights were violated because he was issued a disciplinary despite certain mental health issues, which may have been caused by medication.  Doc. No. 2 at 5-7.  For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

*Due Process.*  Young cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action."  *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003).  A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement."  *Phillips*, 320 F.3d at 847.  "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'"  *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).  Because Young did not describe any specific conditions he was subjected to as a result of the disciplinary he received, he fails to state a viable due process claim.

Additionally, although Young named several individual defendants, he did not describe how each named defendant was involved in the violations he alleges.  A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation.  *See Mayorga v.*

*Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Young's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE